**EXHIBIT I**

Robert E. Grossman (RG-3602)
Beth Green Kibel (BG-1826)
ARENT FOX PLLC
1675 Broadway
New York, New York 10019
(212) 484-3900

Attorneys for the Debtor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                              Chapter 11

LIBERTY VILLAGE ASSOCIATES                                         Case No. 04-11627 (ALG)
LIMITED PARTNERSHIP,

                                    Debtor.
------------------------------------------------------------x

<u>**ORDER (I) APPROVING DISCLOSURE STATEMENT FOR FIRST PLAN OF
LIQUIDATION, (II) SCHEDULING A HEARING ON CONFIRMATION OF
THE FIRST PLAN OF LIQUIDATION AND APPROVING
FORM OF NOTICE THEREOF AND RELATED NOTICE PROCEDURES,
(III) ESTABLISHING PLAN SOLICITATION, VOTING, AND VOTE TABULATION
PROCEDURES, AND (IV) APPROVING FORM OF BALLOT AND INSTRUCTIONS**</u>

The Court having reviewed the Disclosure Statement of the Debtor Liberty Village Associates Limited Partnership (the "Debtor"), including all exhibits thereto, and as may be further amended, restated and corrected from time to time (the "Disclosure Statement") filed by the Debtor, with respect to the First Plan of Liquidation, as the same may be further amended, restated and corrected from time to time (the "Plan"); and due and proper notice of the hearing to approve the Disclosure Statement having been given to all necessary parties in accordance with the applicable provisions of Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules of this Court (the "Local Bankruptcy Rules") and this Court's Order dated January 28, 2005 (the "Disclosure

NYC/234744.2

Statement Hearing Order"); and a hearing having been held on October 6, 2005 to consider approval of the Disclosure Statement; and any objections to the Disclosure Statement having been withdrawn, overruled by the Court, or rendered moot by virtue of the modifications made to the Disclosure Statement (together the "Objections"); and the Debtor having resolved such Objections; and all creditors and parties-in-interest having been given due and proper notice of the Hearing and an opportunity to be heard at the Hearing; and the Objections having been resolved; and upon the record of this case; and after due deliberation thereon; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2)(A), (L), and (O); and just cause appearing for the relief granted herein;

The Court hereby determines and finds that:

A. Notice of the Hearing has been give in accordance with the procedures provided by the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the Disclosure Statement Hearing Order, as evidenced by affidavits of service filed with this Court and is due, sufficient and adequate and no other, further or different notice or service is necessary or appropriate.

B. The Disclosure Statement contains "adequate information" as such term is defined by Section 1125 of the Bankruptcy Code.

IT IS HEREBY ORDERED that:

1. The Disclosure Statement is approved ~~in all respects~~ as containing adequate information within the meaning of section 1125 of the Bankruptcy Code.

2. The following deadlines in connection with the Plan confirmation process shall be set:

a. Deadline for Voting on Plan shall be **December 2, 2005 at 5:00 p.m.**[1] (the "Voting Deadline"). Original Ballots must be received before the Voting Deadline by mail, overnight mail, hand delivery or facsimile transmission, at the address specified on the Ballots in order to be considered as acceptances or rejections of the Plan;

b. Deadline for filing with the Court and service upon counsel for the Debtor and the United States Trustee of objections to confirmation of the Plan shall be **December 2, 2005 at 5:00 p.m.** (the "Plan Objection Deadline"). Objections must be filed and served so as to be actually received before the Plan Objection Deadline in accordance with the Confirmation Hearing Notice (as defined below);

c. The hearing to consider confirmation of the Plan (the "Confirmation Hearing") shall be held before the Honorable Allan L. Gropper on **December 7, 2005 at 11 a.m.**, in Courtroom 617 of the United States Bankruptcy Court, One Bowling Green, New York, New York 10004. The Confirmation Hearing may be continued from time to time without further notice except for (i) an announcement made at the Confirmation Hearing or any adjourned confirmation hearing, or (ii) a written notice filed with the Court and served on all parties who have filed objections to confirmation of the Plan and all parties entitled to receive notice pursuant to Bankruptcy Rule 2002; and

d. The notice of the Confirmation Hearing substantially in the form attached as **Exhibit A** hereto (the "Confirmation Hearing Notice"), and the letter of transmittal substantially in the form attached as **Exhibit B** hereto (the "Letter of Transmittal") is APPROVED, and the letter of transmittal directed to non-voting classes substantially in the form attached as **Exhibit C** hereto (the "Non-Voting Transmittal Letter") is APPROVED. The Debtor shall serve copies of the Confirmation Hearing Notice and the Letter of Transmittal or the Non-Voting Transmittal Letter, as appropriate.

3. The Debtor is hereby authorized and empowered to implement the following Plan Solicitation, Voting and Vote Tabulation Procedures.

A. <u>Allowance of Claims for Voting Purposes</u>: The following procedures for the allowance of each claim against the Debtor for voting purposes with respect to the Plan shall be established:

---

[1] All times listed herein shall be prevailing Eastern Time.

NYC/234744.2                                3

a. With respect to a claim identified in the Debtor's Schedules of Assets and Liabilities (including any amendments thereto) (the "Schedules") as liquidated, non-contingent or undisputed, and for which no proof of claim has been filed timely, the claim amount for voting purposes shall be the amount as identified in the Schedules.

b. With respect to a claim identified in the Schedules as liquidated, non-contingent, undisputed claim as to which a proof of claim has been timely filed and as to which no objection is filed on or before the Service Date (as defined below) or as to which an objection has been previously filed and sustained by the Court, the amount and classification of such claim shall be that specified in such proof of claim, as modified by any applicable orders of the Court, subject to any applicable limitations as set forth below.

c. With respect to a claim that is unliquidated, contingent and/or disputed in part, the holder of that claim shall be entitled to vote only that portion of the claim that is liquidated, non-contingent and undisputed, subject to any limitations set forth herein, unless otherwise ordered by the Court.

d. A holder shall not be entitled to vote a claim to the extent such claim duplicates or has been superseded by another claim of such holder.

e. With respect to a claim that has been estimated or otherwise allowed for voting purposes by order of the Court, the amount and classification of such Claim shall be that set by the Court.

B. <u>Tabulation of Ballots</u>: The following rules, standards and protocols for the tabulation of ballots shall be established:

a. For the purpose of voting on the Plan, counsel for the Debtor, Arent Fox PLLC ("Debtor's Counsel") will be deemed to be in constructive receipt of any ballot timely and properly delivered to the address designated on the face of such ballot.

b. Any ballot received by Arent Fox PLLC after the deadline for submission of ballots shall not be counted, unless ~~the Debtor in its discretion, consents to the counting of such ballot or~~ the Court orders such ballot to be counted.

c. Creditors must vote all of their claims or interests within a particular Plan class either to accept or reject the Plan and may not split their vote. Accordingly, a ballot that partially rejects and partially accepts the Plan will not be counted.

d. If a ballot is signed by trustees, executors, administrators, guardians, attorneys-in-fact, officers of corporations, or others acting in a fiduciary or representative capacity, such persons should indicate such capacity when signing and, ~~unless otherwise~~ if requested by the Debtor, must submit proper evidence ~~satisfactory to the Debtor~~ to so act on behalf of such person or entity.

e. Any holder of a claim or interest that returns a validly executed ballot but does not indicate whether it is voting to accept or reject the Plan shall not have its vote counted, **absent further Court order.**

f. All votes must be cast using the ballots distributed to the holders of claims. Votes cast in any manner other than by using such ballots will not be counted.

g. Any holder of a claim or interest in an impaired class who has delivered a valid ballot voting on the Plan may withdraw such vote solely in accordance with Bankruptcy Rule 3018(a).

~~h.~~ Subject to any contrary order of the Bankruptcy Court, the Debtor reserves the absolute right to reject any and all ballots not proper in form, the acceptance of which would, in the opinion of the Debtor or its counsel, not be in accordance with the provisions of the Bankruptcy Code. Subject to contrary order of the Bankruptcy Court, the Debtor further reserves the right to waive any defects or irregularities or conditions of delivery as to any particular ballot unless otherwise directed by the Bankruptcy Court. ~~The Debtor's interpretation of the terms and conditions of the Plan (including the ballot and the voting instructions), unless otherwise directed by the Bankruptcy Court, shall be final and binding on all parties.~~ Unless waived or as ordered by the Bankruptcy Court, any defects or irregularities in connection with deliveries of ballots or nominee records must be cured within such time as the Debtor (or the Bankruptcy Court) determines. Neither the Debtor nor any other person or entity will be under any duty to provide notification of defects or irregularities with respect to deliveries of ballots nor will any of them incur any liability for failure to provide such notification. ~~Unless otherwise directed by the Bankruptcy Court, delivery of such ballots by any creditor will not be deemed to have been made until such irregularities have been cured or waived. Ballots previously delivered (and as to which any irregularities have not theretofore been cured or waived) will not be counted.~~

i. Whenever two or more ballots are cast voting the same claim or interest prior to the Voting Deadline, the last ballot received prior

to the Voting Deadline shall be deemed to reflect the voter's intent and will thus supercede any prior ballots; <u>provided</u>, <u>however</u>, that nothing herein shall affect the Debtor's right to object to the validity of the second ballot on any basis permitted by law, including under Bankruptcy Rule 3018(a), and, if such objection is sustained, the first ballot shall then be counted unless otherwise ordered by the Court.

C.  <u>Solicitation Procedures</u>: The following rules, standards, and protocols for the solicitation of votes are established, upon approval of the Disclosure Statement by this Court:

  a. The Debtor, its Professionals, and its agents are hereby authorized and empowered, pursuant to Section 1125 of the Bankruptcy Code, to solicit acceptances or rejections of the Plan and engage or take such other conduct or acts as contemplated under the Bankruptcy Code or the Bankruptcy Rules.

  b. The Debtor shall transmit by **October 27, 2005** (the "Service Date"): copies of (i) the approved Disclosure Statement and all exhibits thereto (including, but not limited to, the Plan); together with (ii) a copy of this Order (iii) an appropriate Ballot, instructions, and a pre-addressed return envelope (without postage prepaid); (iv) Letter of Transmittal; and (v) Confirmation Hearing Notice, to all holders of Claims entitled to vote in connection with the Classes 1, 2 and 4 (such materials shall be referred to herein collectively as the "Plan Solicitation Package"). Inclusion of a ballot in a package shall not be deemed an admission that such person or entity is entitled to vote.

  c. In addition, the Debtor shall transmit by the Service Date the Plan Solicitation Package -- without ballots, instructions, the Letter of Transmittal or return envelopes -- and the Non-Voting Letter of Transmittal to all holders of Claims in Classes 3 and 5 (as defined in the Plan), and all holders of Administrative Claims and Priority Claims (each as defined in the Plan).

  d. Notwithstanding any provision of this Order to the contrary, no notice or service of any kind shall be required to be made upon any person to whom the Debtor mailed the notice of the bar date for filing proofs of claim or the notice of the Hearing on the Disclosure Statement in this case but received such notice(s) returned by the United States Postal Service marked "undeliverable as addressed," "moved- left no forwarding address," "forwarding order expired," or similar marking, unless the Debtor has received written notice from such person of such person's current address, or the Debtor otherwise knows that person's current address.

NYC/234744.2                        6

    e. The solicitation of holders of claims or interests pursuant to this Order shall not be deemed a waiver of any of the Debtor's rights to challenge the priority, nature, amount, status or other aspect of any such claim or interests.

D.    <u>Voting Record Date</u>: **October 6, 2005 at 5:00 p.m.** shall be set as the record date to vote on the Plan (the "Voting Record Date"). Only those holders of record, as listed in the records of the Debtor, of claims and interests as of the Voting Record Date shall be entitled to vote to accept or reject the Plan; and it is further

4.    The Form of Ballot attached as **Exhibit C** is APPROVED and that the Debtor may use a Form of Ballot that is substantially similar to the Form of Ballot attached as Exhibit C that may be modified if necessary in order for the ballots to be electronically read and tabulated.

5.    Service of all notices and documents described herein in the time and manner as set forth herein shall constitute due, adequate, and sufficient notice, and no other or further notice shall be necessary. The provision of notice in accordance with the procedures set forth in this Order shall be deemed good, adequate and sufficient notice of (i) the Confirmation Hearing; (ii) the time within which holders of claims and interests may vote to accept or reject the Plan; (iii) the time within which to object to the Plan or confirmation thereof; (iv) the time fixed for moving (a) for temporary allowance of claim or (b) to estimate claims for voting purposes under certain circumstances; and (v) all other matters set forth herein.

6.    Any party in interest wishing to obtain a copy of the Disclosure Statement, the Plan, any exhibits to those documents, or this Order may request such copies by making a request in writing to counsel for the Debtor, Arent Fox PLLC, 1675 Broadway, New York, New York 10019 (Attn: Beth Green Kibel, Esq.). ~~All such copies shall be prepared at the expense of the requesting party unless otherwise specifically required by~~

~~the Bankruptcy Rules.~~ All documents that are filed with the Court may be reviewed (i) with a PACER password, at the Bankruptcy Court's website, http//ecf.nysb.uscourts.gov, or (ii) during regular business hours (8:30 a.m. to 4:00 p.m.) weekdays, (except legal holidays) at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004.

7.      Prior to the mailing of the Solicitation Package, the Debtor may fill in any missing dates, correct any typographical errors and make such other non-material, non-substantive changes to the Solicitation Package as it deems appropriate.

8.      This Court shall retain jurisdiction to hear all matters as may be related to, or arise from, this Order and/or the Solicitation Package. This Order shall be without prejudice to the right of the Debtor to request additional rules and guidelines to voting and solicitation procedures and related matters.

Dated:  New York, New York
        October 12, 2005               /s/ Allan L. Gropper
                                       UNITED STATES BANKRUPTCY JUDGE

**EXHIBIT A**

Robert E. Grossman (RG-3602)
Beth Green Kibel (BG-1826)
ARENT FOX PLLC
1675 Broadway
New York, New York 10019
(212) 484-3900

Attorneys for the Debtor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
In re                                                                     Chapter 11

LIBERTY VILLAGE ASSOCIATES                              Case No. 04-11627 (ALG)
LIMITED PARTNERSHIP,

                                    Debtor.
---------------------------------------------------------x

**NOTICE OF DATE AND TIME OF (I) HEARING TO CONSIDER CONFIRMATION
OF THE FIRST PLAN OF LIQUIDATION; (II) DEADLINE FOR FILING BALLOTS
TO ACCEPT OR REJECT THE PLAN; AND (III) DEADLINE FOR FILING
OBJECTIONS TO THE PLAN**

PLEASE TAKE NOTICE that on October ___, 2005, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court")[2] approved the Disclosure Statement For First Plan of Liquidation (the "Plan") of the Debtor, Liberty Village Associates Limited Partnership (the "Debtor").

PLEASE TAKE FURTHER NOTICE that, by order of the Bankruptcy Court, ballots evidencing acceptance or rejection of the Plan, and nominee records, if any, must be submitted to Arent Fox, PLLC at the following addresses so as to be received on or before _____ at _____ p.m. prevailing Eastern Time.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan and/or Disclosure Statement.

NYC/234744.2

Arent Fox, PLLC
1675 Broadway, 34th Floor
New York, New York 10019
Attn: Beth Green Kibel, Esq.

PLEASE TAKE FURTHER NOTICE that only holders of classified claims as of March 11, 2004, whose claims are listed on the Debtor's Schedules of Assets and Liabilities (including any amendments thereto) in a particular amount without dispute, or who have filed proofs of claim by the applicable Bar Date which have not been objected to, may vote to accept or reject the Plan.

PLEASE TAKE FURTHER NOTICE that any objection to confirmation of the Plan ("Objection") must be filed with the Court and received by the following parties on or before **December 2, 2005 at ____ p.m. Eastern Time:**

> *Counsel for Debtor:*
> Arent Fox PLLC
> 1675 Broadway
> New York, NY 10019
> Attn: Beth Green Kibel, Esq.
>
> *United States Trustee:*
> The United States Trustee's Office
> 33 Whitehall Street, 21st Floor
> New York, NY 10004
> Attn: Brian Masumoto, Esq.

PLEASE TAKE FURTHER NOTICE that the Debtor requests that all objections and other responses to the Plan shall specifically (a) describe with specificity the legal and factual basis for the objection, including specific reference to the text of the Plan to which the objection is made, and (b) set forth the name of the objector and describe the nature and amount of any claim or interest asserted by the objector against the Debtor, its estate, or its property.

PLEASE TAKE FURTHER NOTICE that the hearing for consideration of confirmation of the Plan, and of any objections thereto (the "Confirmation Hearing"), will be held on

**December 7, 2005, at 11 a.m. Eastern Time**, before the Honorable Allan L. Gropper, United States Bankruptcy Judge, at the United States Bankruptcy Court, Alexander Hamilton Customs House, One Bowling Green, New York, NY 10004-1408. The Confirmation Hearing may be continued from time to time by announcing such continuance in open court, or by a written notice filed with the Court and served on all parties who have filed objections to confirmation of the Plan and all parties entitled to receive notice pursuant to Bankruptcy Rule 2002. The Plan may be further modified, if necessary, pursuant to 11 U.S.C. § 1127, prior to, during, or as a result of the Confirmation Hearing, without further notice to parties in interest.

PLEASE TAKE FURTHER NOTICE that any party in interest wishing to obtain a copy of the Disclosure Statement, the Plan, the Order (I) Approving Disclosure Statement, (II) Scheduling a Hearing on Confirmation of Plan and Approving Form of Notice Thereof and Related Notice Procedures, (III) Establishing Plan Solicitation, Voting, and Vote Tabulation Procedures, and (IV) Approving Form and Ballot of Instructions, or any exhibits or appendices to such pleadings, may request such copies by sending a written request to counsel for the Debtor, Arent Fox PLLC, 1675 Broadway, New York, NY 10019, (Attention: Beth Green Kibel, Esq.) In addition, copies of such pleadings are on file with the Clerk of the Bankruptcy Court and may be examined with password on the Bankruptcy Court's electronic filing system on the Internet at http://www.nysb.uscourts.gov.

Dated: New York, New York
October ___, 2005

                                     ARENT FOX PLLC
                                     Attorneys for the Debtor

                                     By:   */s/ Beth Green Kibel*
                                                 Robert E. Grossman (RG-3602)
                                                 Beth Green Kibel (BG-1826)
                                                 1675 Broadway
                                                 New York, NY 10019
                                                 (212) 484-3900

## **EXHIBIT B**

## **LETTER OF TRANSMITTAL – CLAIMS ENTITLED TO VOTE**

**Beth Green Kibel**
212/484-3915 Direct
212/484-3990 Fax
kibel.beth@arentfox.com

October ___, 2005

TO HOLDERS OF CLAIMS ENTITLED TO VOTE ON THE FIRST PLAN OF LIQUIDATION

Liberty Village Associates Limited Partnership (the "Debtor") filed the First Plan of Liquidation (the "Plan") and the Disclosure Statement (the "Disclosure Statement") with Respect to the Plan on October 5, 2005. The United States Bankruptcy Court for the Southern District of New York approved the Disclosure Statement on October ___, 2005 and granted the Debtor authority to solicit acceptances for the Plan.

The Debtor believes it is in the best interest of all creditors and parties-in-interest and urge all creditors to vote in favor of the Plan.

You are a holder of a voting Class 1, 2 and/or 4 Claim as such you are entitled to vote on the Plan. Enclosed herewith you will find copies of the following documents:

1. Notice of Date and Time of (I) Hearing to Consider Confirmation of the First Plan of Liquidation; (II) Deadline for Filing Ballots to Accept or Reject the Plan; and (III) Deadline for Filing Objections to the Plan;

2. Order (I) Approving First Amended Disclosure Statement, (II) Scheduling a Hearing on Confirmation of Plan and Approving Form of Notice Thereof and Related Notice Procedures, (III) Establishing Plan Solicitation, Voting, and Vote Tabulation Procedures, and (IV) Approving Form of Ballot and Instructions;

3. Ballot for voting on the Plan, along with instructions and a pre-addressed envelope for use in returning your Ballot;

4. Disclosure Statement with respect to the First Plan of Liquidation; and

5. First Plan of Liquidation.

Acceptances or rejections of the Plan by holders of Claims must be filed in writing using the enclosed Ballot and returned by mail, overnight delivery, hand delivery or facsimile transmission so as to be actually received by Arent Fox, PLLC at the address listed below on or before

NYC/234744.2

_____ at ____ p.m. **Eastern Time**. Please complete the enclosed Ballot and return it in the enclosed envelope to Arent Fox PLLC at the addresses below:

    Arent Fox PLLC
    1675 Broadway, 34th Floor
    New York, New York 10019
    Attn: Beth Green Kibel, Esq.
    fax: (212) 484-3990

You are urged to read carefully all of the enclosed documents and make an independent evaluation before deciding to vote on the merits of the Plan.

**THE DEBTOR BELIEVES THAT ACCEPTANCE OF THE PLAN IS IN THE BEST INTEREST OF THE HOLDERS OF ALLOWED CLAIMS AND, THEREFORE, RECOMMENDS THAT YOU VOTE TO ACCEPT THE PLAN.**

Yours truly yours,


By:     */s/ Beth Green Kibel*
        Beth Green Kibel
        Arent Fox PLLC
        Attorneys for the Debtor

## **LETTER OF TRANSMITTAL – CLAIMS *NOT* ENTITLED TO VOTE**

**Beth Green Kibel**
212/484-3915 Direct
212/484-3990 Fax
kibel.beth@arentfox.com

October ____, 2005

TO HOLDERS OF CLAIMS *NOT* ENTITLED TO VOTE ON THE FIRST PLAN OF LIQUIDATION

Liberty Village Associates Limited Partnership (the "Debtor") filed the First Plan of Liquidation (the "Plan") and the Disclosure Statement (the "Disclosure Statement") with Respect to the Plan on October 5, 2005. The United States Bankruptcy Court for the Southern District of New York approved the Disclosure Statement by order dated October ____, 2005.

You are a holder of a non-voting Class 3 or 5 Claim as such you are *not* entitled to vote on the Plan. Enclosed herewith you will find copies of the following documents:

1. Notice of Date and Time of (I) Hearing to Consider Confirmation of the First Plan of Liquidation; (II) Deadline for Filing Ballots to Accept or Reject the Plan; and (III) Deadline for Filing Objections to the Plan.

2. Order (I) Approving First Amended Disclosure Statement, (II) Scheduling a Hearing on Confirmation of Plan and Approving Form of Notice Thereof and Related Notice Procedures, (III) Establishing Plan Solicitation, Voting, and Vote Tabulation Procedures, and (IV) Approving Form of Ballot and Instructions;

3. Disclosure Statement with respect to the First Plan of Liquidation; and

4. First Plan of Liquidation.

You are urged to read carefully all of the enclosed documents. The Debtor believes that the Plan is in the best interests of creditors and other parties-in-interest.

Sincerely,


Beth Green Kibel
Arent Fox PLLC
Attorneys for the Debtor


NYC/234744.2

**EXHIBIT C**

Robert E. Grossman (RG-3602)
Beth Green Kibel (BG-1826)
ARENT FOX PLLC
1675 Broadway
New York, New York 10019
(212) 484-3900

Attorneys for the Debtor

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re                                                             Chapter 11

LIBERTY VILLAGE ASSOCIATES              Case No. 04-11627 (ALG)
LIMITED PARTNERSHIP,

                    Debtor.
-----------------------------------------------------------x

**BALLOT FOR ACCEPTING OR REJECTING THE FIRST
PLAN OF LIQUIDATION OF LIBERTY VILLAGE ASSOCIATES LIMITED PARTNERSHIP**

A.    CLASS ___ – _____

This Ballot is submitted to you to solicit your vote to accept or reject the Plan of Liquidation Under Chapter 11 of the Bankruptcy Code Filed by the Debtor, dated October 5, 2005 (the "Plan"), as described in the accompanying Disclosure Statement (the "Disclosure Statement"). Capitalized terms used in this Ballot and the attached instructions that are not otherwise defined have the meanings given to them in the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code. To have your vote counted, you must complete, sign and return this Ballot to Arent Fox, PLLC so that it is received by ____p.m. prevailing Eastern Time on _____.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

NYC/234744.2                               - 2 -

> **PLEASE COMPLETE ITEMS 1 AND 2. IF NEITHER THE "ACCEPT" NOR "REJECT" BOX IS CHECKED IN ITEM 1, THIS BALLOT, IF SIGNED, WILL NOT BE COUNTED AS A VOTE. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES BELOW, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.**

**Item 1. Vote.**

Creditor: _____

Claim Amount: _____

  ☐ **Accept** the Plan.      ☐ **Reject** the Plan.

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement, the Plan and the other applicable solicitation materials, and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that, if this Ballot is otherwise validly executed but does not indicate either acceptance or rejection of the Plan, this Ballot will not be counted.

            _____
               Name of Institution

            _____
            Federal Tax ID or Social Security Number

         By: _____
                Signature

            _____
                  Title

            _____
               Street Address

            _____
              City, State, Zip Code

            _____
              Telephone Number

            _____
               Date Completed

NYC/234744.2

## VOTING INFORMATION AND INSTRUCTIONS
## FOR COMPLETING THE BALLOT

1. Using the boxes provided in Item 1 of the Ballot, please indicate acceptance or rejection of the Plan. Complete the Ballot by providing all the information requested and sign, date and return the Ballot to the Debtor's Counsel Arent Fox, PLLC (the "Voting Agent") at the following address:

Arent Fox, PLLC
1675 Broadway, 34th Floor
New York, New York 10019
Attn: Beth Green Kibel, Esq.

**Ballots must be received by the Voting Agent by** \_\_\_\_ **p.m. prevailing Eastern Time on** _____ **(the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Voting Agent is enclosed for your convenience.

2. You must vote all of your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan will not be counted.

3. Your Claim has been temporarily allowed, solely for purposes of voting to accept or reject the Plan in accordance with certain tabulation procedures approved by the Bankruptcy Court (the "Tabulation Procedures"). The Tabulation Procedures are set forth in the Order (I) Approving Disclosure Statement, (II) Scheduling a Hearing on Confirmation of the First Plan of Liquidation and Approving Form of Notice Thereof and Related Notice Procedures, (III) Establishing Plan Solicitation, Voting, and Vote Tabulation Procedures, and (IV) Approving Form of and Instructions (the "Confirmation Hearing Notice"), which is enclosed with the solicitation materials you received along with this Ballot. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtor in any other context (e.g., the right of the Debtor to contest the priority, nature, amount, status or other aspect of any Claim for purposes of allowance under the Plan).

4. The Ballot does not constitute and shall not be deemed a proof of claim or equity interest or an assertion of a Claim or equity interest.

5. If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the last Ballot received by the Voting Agent before the Voting Deadline will supersede any prior Ballots.

PLEASE RETURN YOUR BALLOT PROMPTLY.

**IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST
YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING
THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT
THE VOTING AGENT, ARENT FOX, PLLC AT THE ABOVE ADDRESS (ATTN.:
BETH GREEN KIBEL, ESQ,**
