Aiesha L. Battle (ALB-1169)
ARENT FOX LLP
1675 Broadway
New York, New York 10019
(212) 484-3900
Fax (212) 484-3990

Christopher J. Giaimo (CJG-2260)
ARENT FOX LLP
1050 Connecticut Ave., N.W.
Washington, D.C. 20039
(202) 857-6000
Fax (202) 857-6395

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GENERAL CAPITAL PARTNERS, LLC,<br><br>               Plaintiff,<br><br>        -against-<br><br>LIBERTY RIDGE, LLC (F/K/A AMERICAN HERITAGE COMMUNITIES/LIBERTY VILLAGE, LLC),<br><br>            Defendants. | Case No.: 07 CIV 4089 (KMK) |

## <u>CERTIFICATE OF SERVICE</u>

       I, Christopher J. Giaimo, certify that I am not a party to the within action, I am over the age of 18 years and I am a partner with the firm of Arent Fox LLP, counsel to the Plaintiff in the above-referenced action, with offices located at 1050 Connecticut Ave., N.W., Washington, D.C. 20036 and 675 Broadway, New York, New York 10019.  I further certify that on July 11, 2007, I caused a true and correct copy of the attached **Letter dated July 11, 2007 to the Honorable Kenneth M. Karas** to be served upon the party listed below via electronic mail and U.S. first-class mail.  Under penalty of perjury, I declare the foregoing is true and correct.

              Matthew G. Parisi, Esq.
              Bleakley Platt & Schmidt, LLP
              One North Lexington Avenue
              White Plains, NY 10601
              Email: mparisi@bpslaw.com

                       */s/ Christopher J. Giaimo*
                       Christopher J. Giaimo

Arent Fox LLP / **New York, NY** / Washington, DC / Los Angeles, CA

# Arent Fox

July 11, 2007

VIA HAND DELIVERY

The Honorable Kenneth M. Karas
United States District Court for the
Southern District of New York
500 Pearl Street, Room 920
New York, New York 10007

**Christopher J. Giaimo**
Attorney
202.775.5774 DIRECT
202.857.6395 FAX
giaimo.christopher@arentfox.com

Re:    General Capital Partners, LLC v. Liberty Ridge, LLC, 1:07-CV-4089

Dear Judge Karas:

This firm represents General Capital Partners, LLC ("GCP") with respect to the above referenced matter. We submit this letter-response to the letter from Liberty Ridge LLC (the "Defendant"), pursuant to Procedure 2(a) of your individual practices.

**Preliminary Statement**

The nature of this dispute is simple. GCP was retained as an investment banker to assist in the sale of assets as part of the bankruptcy case (the "Bankruptcy Case") of Liberty Village Associates Limited Partnership (the "Debtor") before the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Defendant actively participated in the Debtor's Bankruptcy Case and acquired the assets that GCP had marketed. That acquisition gave rise to a commission that GCP rightfully claims is owed by the Defendants.

**Defendant's Misleading Allegations**

Despite these simple set of facts, Defendant's letter contains several inaccuracies and misleading statements intended to have this matter transferred to a venue that would be convenient to only one person – Jerry Falwell, Jr.[1]  This letter attempts to respond these inaccuracies and highlight certain undisputed facts which establish that venue is proper in this district, as alleged in the Complaint.

As an initial matter, Defendant states that Liberty Ridge did not exist in 2004. This is materially misleading as Liberty Ridge is merely the new name of the Defendant. Indeed, American Heritage Communities, Inc. ("AHC") actively participated in the Bankruptcy Case for the sole purpose of acquiring the Debtor's assets. During this process, AHC formed a limited liability company called

---

[1] Notably, Community National Bank, the Debtor's lender located in Lynchburg, Virginia, similarly moved the Bankruptcy Court to transfer venue of the Bankruptcy Case to the Western District of Virginia. The Bankruptcy Court, however, denied this motion.

1675 Broadway
New York, NY 10019-5820
T 212.484.3900  F 212.484.3990

1050 Connecticut Avenue, NW
Washington, DC 20036-5339
T 202.857.6000  F 202.857.6395

445 S. Figueroa Street, Suite 3750
Los Angeles, CA 90071-1601
T 213.629.7400  F 213.629.7401

SMART IN YOUR WORLD

The Honorable
Kenneth M. Karas
July 11, 2007
Page 2

# Arent Fox

American Heritage Communities/Liberty Village, LLC ("AHC/LV").[2] After its formation, AHC/LV continued participating in the Bankruptcy Case by negotiating the acquisition of the assets. The assets were transferred to AHC/LV *during* the Bankruptcy Case pursuant a plan of reorganization approved by the Bankruptcy Court (the "Plan"). Only after acquiring the assets did AHC/LV change its name to Liberty Ridge. These facts are a matter of record and should be undisputed.

Further, the Defendant's assertion that it is a Virginia company is slightly misleading. It is a Virginia company, but its principal place of business is in New Jersey, which is undisputedly closer to this Court than Lynchburg, Virginia. Moreover, the key principals of AHC, Herb Kaiser and Robert Gibbs, reside in northern New Jersey.

Defendant next argues that the Bankruptcy Case is not relevant because the Debtor did not retain GCP. This misses the point. GCP is entitled to a commission because of a *transfer of assets*. Without the transfer, there would be no claim. The assets constituted property of the Debtor's bankruptcy estate which was being administered before the Bankruptcy Court in this district. The only reason the transfer occurred was because the Bankruptcy Court authorized it pursuant to the Plan. It is of no import that GCP was not retained by the Debtor. The Defendant was an active and extremely significant party to the Bankruptcy Case. Indeed, the key documents, including the Plan and Disclosure Statement, as well as certain orders of the Bankruptcy Court highlight this fact.

Defendant argues that GCP is not a third-party beneficiary under the Transfer and Partnership Agreement and therefore, it is not entitled to the benefit of the venue provisions contained therein. Whether GCP is a third-party beneficiary of those agreements is a question of law which should not be decided through a pre-motion letter to transfer venue. Moreover, the Defendant does not dispute that these agreements clearly evidence the Defendant's business activities in this district which give rise to the claims. Both agreements, which contain very clear agreements to pay GCP, also contain venue and choice of law provisions for the federal and state courts of New York. Further, the agreements reflect, through their notice provisions, that that the principals of the Defendant reside in northern New Jersey, not south-west Virginia.

In yet another misleading allegation, the Defendant states that "GCP has identified certain third-party witnesses" including TRBC Ministries, Community National Bank, Worth Harris Carter, Jr., Tyler Brown, Esq., all of which are located in Virginia. GCP submits that these individuals are not necessary witnesses to the dispute between GCP and the Defendant and GCP has not alleged that they are witnesses. These entities and individuals may have been parties-in-interest in the Bankruptcy Case, but it is unclear how they are relevant to its claim against the Defendant.

## Venue is Proper in this District

### A.     Events Giving Rise to Claim Occurred in this District

This is a diversity matter, accordingly, pursuant to 28 U.S.C. §1391(a)(2) venue is proper where a substantial part of the events giving rise to the claim occurred. Here, it should be beyond dispute that the substantial part of the events giving rise to the claim (*the transfer of assets*) occurred in this district. As

---

[2] The Defendant incorrectly states that AHC/LV was formed to purchase the assets *following* the Debtor's Bankruptcy Case. This is both a misstatement of fact and law.

The Honorable
Kenneth M. Karas
July 11, 2007
Page 3

# Arent Fox

stated above, the transfer occurred before the Bankruptcy Court pursuant to the Plan. Further, the agreements which evidence the transfer (and GCP's claim) were negotiated and executed by parties in New York as well as transmitted to parties in New York as part of the Debtor's Plan. Such communications alone are sufficient to establish venue in this district under § 1391(a)(2). *See, e.g., U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*, 241 F.3d 135, 153 (2d Cir.2001) (finding venue proper in the Southern District of New York when the terms of the relevant agreement were negotiated by telephone and facsimile with a party in New York).

**B.      The Southern District of New York is Convenient to the Parties**

The Southern District of New York is measurably more convenient to both the parties and relevant witnesses to this matter. Indeed, while Defendant is correct that GCP is a Colorado company, traveling to a major metropolitan area such as New York is easier and more convenient than traveling Lynchburg, Virginia.

Further, as stated above, the Defendant's principal place of business, based on corporate records, is in New York. More significantly, the only significant witnesses are located in northern New Jersey, which include, among others, (i) Herb Kaiser and Robert Gibbs, principals of AHC and AHC/LV with whom GCP negotiated the asset purchase as well as payment of GCP's fee, (ii) Lucille Karp, Esq. and John Leonard, Esq., counsel for AHC/LV who negotiated the acquisition on behalf of AHC/LV and have first-hand knowledge of the agreements to pay GCP's fees, and (iii) Jacob Frydman, the Debtor's principal, who resides in New York. The only person that is located in Virginia is Jerry Falwell, Jr. Therefore, GCP submits that the requirements of 28 U.S.C. § 1404(a) have not been met. "In performing the analysis the Court must, however, give due deference to the plaintiff's choice of forum which should not be disturbed unless the balance of convenience and justice weigh heavily in favor of defendant's forum." *Citigroup Inc. v. City Holding Co.*, 97 F.Supp.2d 549, 561 (S.D.N.Y.2000).

**Conclusion**

For the foregoing reasons, GCP respectfully submits that its choice of venue is appropriate under 28 U.S.C. §1391(a)(2) and applicable law and should not be disturbed.

Sincerely,

Christopher J. Giaimo