THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GENERAL CAPITAL PARTNERS, LLC | CIVIL ACTION<br>FILE NO. 1:07-CV-4089 (kmk/dfe) |
| Plaintiff, | **DECLARATION OF**<br>**MATTHEW G. PARISI** |
| v. | |
| LIBERTY RIDGE, LLC (f/k/a AMERICAN HERITAGE COMMUNITY/LIBERTY VILLAGE, LLC) | ECF CASE |
| Defendant | |

I, MATTHEW G. PARISI, in accordance with 28 U.S.C. § 1746, do hereby declare

1. I am a member of the bar of this Court and a partner with the law firm of Bleakley Platt & Schmidt, LLP, co-counsel for Defendant Liberty Ridge LLC ("Liberty Ridge") in the above-captioned action. I have knowledge of the facts set forth below from personal knowledge or from a review of the files in possession of my firm.

2. I respectfully submit this declaration in support of Liberty Ridge's motion to dismiss or alternatively, to transfer venue of the claims of Plaintiff General Capital Partners, LLC to the United States District Court for the Western District of Virginia, Lynchburg Division.

3. Liberty Ridge is a Virginia limited liability company with its principal, and sole, place of business in Lynchburg, Virginia. It was organized to develop 140 acres for residential purposes on Liberty Mountain (hereinafter the "Property") located in Campbell County, Virginia, near Lynchburg. Liberty University is the managing partner of Liberty Ridge.

4. American Heritage Communities, Inc., ("AHC"), an affiliate of the other member of Liberty Ridge, Liberty Heritage Associates, Inc. (a Virginia corporation), is a privately-owned company located in Frederick, Maryland. AHC is not a party to this litigation.

5. Upon information and belief, GCP is a Colorado limited liability company with its principal place of business in Denver, Colorado.

6. In an attempt to establish venue in this judicial district, GCP asserts, in paragraph 6 of its Complaint, that "a substantial part of the events or omissions giving rise to the claim occurred in this judicial district (and arise from a federal bankruptcy court proceedings [sic] in the Southern District of New York). Further, the agreements in which [Liberty Ridge] agreed to pay GCP contain venue provisions which dictate that all disputes regarding such agreements be brought in this district."

7. GCP was not a party to the bankruptcy proceedings. Furthermore, according to the Complaint, no parties to the proceeding even sought the bankruptcy court's approval of any agreements involving GCP. Indeed, the Debtor's motion to employ GCP was expressly objected to by the Debtor's first priority secured creditor (Compl. ¶ 26) and the Motion was subsequently withdrawn by the Debtor.

8. Other than the bankruptcy proceedings (which are not relevant to this litigation), no party to this litigation has any connection with the Southern District of New York.

9. None of the Property is situated in the Southern District of New York. All of the real property involved in this litigation is located in or near Lynchburg, Virginia, in the Western District of Virginia. Further, as set forth more fully in the accompanying Memorandum of Law, the significant majority of the independent non-party witnesses are located in Virginia.

10.     Two agreements involving the Liberty Ridge Property mention GCP and contain venue provisions: the Transfer Agreement (Compl. Ex. E) and the Partnership Agreement (Compl. Ex. F).  GCP is not a party to either of these agreements, nor is it a third-party beneficiary of either agreement.  (See Compl. Ex. E at 1 and 19; Ex. F at 1 and 11.)

**WHEREFORE**, for the reasons stated herein and in Liberty Ridge's accompanying Memorandum of Law, defendant Liberty Ridge respectfully requests that this Court enter an Order dismissing this case for improper venue.  Alternatively, if this Court determines that a transfer is in the interest of justice, or that venue is proper in the Southern District of New York, Liberty Ridge, LLC requests that this Court transfer this action to the United States District Court for the Western District of Virginia, Lynchburg Division pursuant to 28 U.S.C. § 1404(a).

    ___/s/ Matthew G. Parisi_____
    Matthew G. Parisi (MP 2188)