Arent Fox LLP / **New York, NY** / Washington, DC / Los Angeles, CA

# Arent Fox

August 10, 2007

VIA HAND DELIVERY

The Honorable Richard J. Sullivan
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 615
New York, New York 10007



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/11/07

**Christopher J. Giaimo**
Attorney
202.775.5774 DIRECT
202.857.6395 FAX
giaimo.christopher@arentfox.com

Re:  General Capital Partners, LLC v. Liberty Ridge, LLC, 1:07-CV-4089

Dear Judge Sullivan:

This firm represents General Capital Partners, LLC ("GCP") in the above-referenced matter. We submit this letter seeking this Court's guidance with respect to the Motion to Dismiss for Improper Venue and/or Motion to Transfer Venue (the "Motion") filed by Liberty Ridge LLC (the "Defendant").

As your Honor may be aware, on July 9, 2007, the Defendant filed a letter with this Court pursuant to Procedure 2(a) of Judge Karas' individual practices procedures requesting that this matter be dismissed or transferred to the United States District Court for the Western District of Virginia, Lynchburg Division. On July 11, 2007, the undersigned filed a letter-response on behalf of GCP. A pre-motion conference was held before Judge Karas on August 9, 2007 (the "Conference").

After hearing arguments from counsel at the Conference, Judge Karas concluded that the Southern District of New York was a proper venue and that transfer of this matter was not warranted. Judge Karas was adamant in this regard, stating to counsel for the Defendant that "it would be a waste of time" to file a motion to dismiss or transfer venue as he would "deny it as soon as it was filed." Despite these, and other, unequivocal comments from Judge Karas, counsel for the Defendant persisted that a motion would need to be filed. In response, Judge Karas instructed the undersigned "not to touch a key-stroke until ordered to do so" to avoid GCP incurring unnecessary fees in responding to a motion he intended to deny.

On August 9, 2007, Judge Karas entered an order requiring the Defendant to file its motion, "if it chooses to file at all," by August 23, 2007.

On August 23, 2007, the Defendant filed the Motion. In his cover letter to Judge Karas, counsel for Defendant stated that, in recognition of the Court's position at the Conference, he did not set a return date on the Notice of Motion.

As instructed by Judge Karas, the undersigned has not filed a response and, to date, no order has been entered denying the Motion or directing a response to be filed. Counsel, therefore, respectfully seeks this Court's guidance with respect to responding, if necessary, to the Motion.

SMART

1675 Broadway
New York, NY 10019 5820
T 212 484 3900  F 212 484 3990

1050 Connecticut Avenue, NW
Washington, DC 20036 5339
T 202 857 6000  F 202 857 6395

445 S. Figueroa Street, Suite 3750
Los Angeles, CA 90071 1601
T 213 629 7400  F 213 629 7401

The Honorable
Kenneth M. Karas
August 10, 2007
Page 2

For the reasons stated by Judge Karas at the Conference, as well as the reasons set forth below, GCP respectfully requests that the Motion be denied without the need for a formal response. To the extent a response is required, GCP requests the Court to consider this letter such a response.

**Preliminary Statement**

GCP respectfully submits that the Motion has nothing at all to do with whether this District is a proper venue to adjudicate this matter. As Judge Karas noted, it is. Rather, the Motion is motivated by Jerry Falwell, Jr.'s desire to have this matter adjudicated before a presumably friendly forum in Lynchburg, Virginia. The venue provisions of the Federal Rules of Civil Procedure, however, are not designed to provide friendly forums for defendants; instead, they are designed to limit the inconvenience of parties and promote fairness. It is clear that, based on activities that occurred in this District and the location of the key witnesses, the Southern District of New York is the proper venue.

**Brief Response**

While not attempting to formally address each allegation in the Motion, counsel is compelled to bring to this Court's attention several gross inaccuracies in the Motion.

As in Defendant's pre-motion letter, the Motion contains statements that nearly run afoul of the requirements for pleadings under the Federal Rules of Civil Procedure. For instance, the Motion states that the money to which GCP seeks payment is the result of a "second" commission. This is contrary to *every* document and piece of correspondence in which the commission is referenced including, but not limited to, an email from the Defendant's own counsel discussing the payment of the fee. *See* Complaint at Exhibit M. Accordingly, any suggestion that there was a "second" commission completely ignores the *overwhelming* evidence to the contrary and is simply not grounded in fact.

Likewise, the Motion states that GCP has erroneously targeted Liberty Ridge since it "did not exist until June 2005." This argument was made in Defendant's pre-motion letter and at the Conference, and, ponderously, again in its filed Motion. As stated in the Complaint, Liberty Ridge is merely the new name of the Defendant and is the same entity as American Heritage Communities/Liberty Village, LLC ("AHC/LV"), the entity which agreed to pay GCP its fee. It is undisputed that AHC/LV acquired the assets and shortly thereafter changed its name to Liberty Ridge. Attached hereto is a Westlaw Corporate Records & Business Registration showing that on or about September 12, 2006, AHC/LV changed its name to Liberty Ridge. Therefore, the Defendant's suggestion that Liberty Ridge is erroneously being targeted because it did not exist at the time, again, is not grounded in fact.

Further, the Defendant has attempted in its pre-motion letter and now in the Motion, to pigeon-hole GCP's claims into solely contract claims and argues that GCP is improperly relying on the jurisdictional provisions of the Transfer and Partnership Agreements as the basis for venue before this Court. Defendant misses the point. A simple reading of the Complaint shows that GCP's claims sound in quasi-contract as well and that venue is proper under 28 U.S.C. § 1391(a)(2) in that a substantial part of the activities giving rise to the claim arose in this District. Accordingly, GCP is not solely relying on the jurisdictional provisions of the agreements. This point was not lost on Judge Karas.

Defendant also suggests that certain witnesses located in Virginia are necessary to prove GCP's claims. However, substantially all, if not all, witnesses necessary to establish GCP's claims are located within

The Honorable
Kenneth M. Karas
August 10, 2007
Page 3

100 miles of this Court. These witnesses include, (i) Herb Kaiser and Robert Gibbs, both principals of AHC and AHC/LV with whom GCP negotiated payment of their fee, (ii) Lucille Karp, Esq. and John Leonard, Esq., Defendant's prior counsel who negotiated the acquisition as well as payment of GCP's fees, and (iii) Jacob Frydman, the seller's principal who originally agreed to pay GCP's fee and then required, as part of the consideration for the transaction, that Defendant pay GCP's fee.

### Venue is Proper in this District

**A.    Events Giving Rise to Claim Occurred in this District Under 28 U.S.C. §1391(a)(2)**

The substantial part of the events giving rise to the claim (*the transfer of assets*) occurred in this District. Indeed, Judge Karas keenly noted at the Conference that the agreements which evidence the agreement to pay GCP's fees were negotiated and executed by Mr. Frydman in New York. Such communications alone are sufficient to establish venue in this district under § 1391(a)(2). *See, e.g., U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*, 241 F.3d 135, 153 (2d Cir.2001) (finding venue proper in the Southern District of New York when the terms of the relevant agreement were negotiated by telephone and facsimile with a party in New York).[1]

**B.    The Southern District of New York Is Convenient to the Parties**

Judge Karas also noted that this matter could have been filed in a number of Districts, including Colorado, New Jersey, Maryland, or Virginia. Yet, Judge Karas properly concluded that the Southern District of New York is convenient to the parties and relevant witnesses. On this point, Judge Karas stated that if this case were to be transferred to any other jurisdiction, it would be New Jersey, where most of the witnesses reside.

### Conclusion

For the foregoing reasons, and those stated by Judge Karas at the Conference, GCP respectfully submits that the Motion lacks merit and should be denied without the need for GCP to incur the expense of a response. However, if this Court believes that a form response is required, GCP respectfully requests that it treat this letter as such a response, or, in the alternative, direct GCP to file a formal response in no less than 10 business days after its disposition of this letter.

Respectfully submitted,

*Christopher J. Giaimo*

Christopher J. Giaimo

cc: Matthew G. Parisi, Esq. (w/enclosures via email)

[1] GCP submits that venue is also proper under 28 U.S.C. § 1391(a)(1) because the Defendant would be subject to personal jurisdiction under CPLR § 302 and, if necessary, is ready to amend the Complaint to assert such venue.

*[Handwritten note]:* Plaintiff need not submit a response beyond this letter. The parties are to appear in Court for a Status Conference on September 27, 2007 at 11:00am.

*[Signed]* USDJ 9/11/07