THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| GENERAL CAPITAL PARTNERS, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | FILE NO. 1:07-CV-4089 (RJS/DFE) |
| ) | |
| LIBERTY RIDGE, LLC (f/k/a AMERICAN ) | |
| HERITAGE COMMUNITY/LIBERTY ) | |
| VILLAGE, LLC) ) | |
| ) | |
| Defendant ) | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE
AND/OR MOTION TO TRANSFER VENUE**

BLEAKLEY PLATT & SCHMIDT LLP
*Co-Counsel for defendant Liberty Ridge, LLC*
One North Lexington Ave.
White Plains, NY 10601
Telephone: 914.287.6184

WILLIAMS MULLEN
A Professional Corporation
*Co-Counsel for defendant Liberty Ridge, LLC*
1021 E. Cary St., 17th Floor
P. O. Box 1320
Richmond, Virginia 23218-1320
Telephone: 804.643.1991

**TABLE OF CONTENTS**

**PAGE(S)**

I. PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    Plaintiff, Having Already Obtained a $200,000 Brokerage . . . . . . 1
           Commission, Seeks a Second $200,000 Payment in this Action

    B.    Liberty Ridge Did Not Exist Prior to June 2005 . . . . . . . . . . . . . . 2

    C.    To the Extent Plaintiff Relies Upon the Jurisdiction Provisions . . . 2
           of the Transfer and Partnership Agreements to Establish
           Venue, its Arguments Fail

    D.    New York is Not a Convenient Venue for "Substantially All, . . . 2
           If Not All" of the Witnesses

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.  **PRELIMINARY STATEMENT**

Defendant Liberty Ridge, LLC ("Liberty Ridge"), by counsel, submits this reply memorandum of law in response to the issues raised by Plaintiff in opposition to Liberty Ridge's motion to dismiss.

II. **ARGUMENT**

### A.  Plaintiff, Having Already Obtained a $200,000 Brokerage Commission, Seeks a Second $200,000 Payment in this Action

Plaintiff's claim that this matter does not relate to a second commission is false. Plaintiff was paid a $200,000 "brokerage fee" at the July 2006 closing. It now sues for an additional $200,000, based on an alleged promise made by American Heritage Communities, Inc., a Maryland corporation that Plaintiff has chosen not to sue.

The only dispute before this Court involves the facts and circumstances surrounding the alleged promise to make a second commission payment. Plaintiff seeks to incorporate into this action the first payment (and thereby the New York Bankruptcy proceeding) in order to make it appear that venue is proper in New York. However, Plaintiff has no claim with respect to the initial commission payment. This action involves only the second payment, and more particularly, (a) whether plaintiff earned a second $200,000 payment; (b) whether a third party agreed that a second payment was due plaintiff, and (c) whether Liberty Ridge is liable based upon the third party's promise.[1] None of these issues arose in New York. Thus, this matter should either be dismissed or transferred to a more appropriate forum.

---

[1] Although not controlling with respect to this motion to dismiss, it is important to note that, according to the emails upon which Plaintiff relies, the second payment was only to be made after post-closing financing had been obtained. Compl. Ex. L at 1, 3. It is uncontested that this financing has not occurred.

B.   **Liberty Ridge Did Not Exist Prior to June 2005**

Plaintiff continues to insist that Liberty Ridge was created prior to June 2005. Its own submissions support a different conclusion. Attached to Plaintiff's Opposition is a Westlaw Corporate Records & Business Registration printout showing that American Heritage Communities/Liberty Village, LLC ("AHC/LV, LLC") did change its name to Liberty Ridge on September 12, 2006, but the document also reveals that **AHC/LV, LLC's "filing date" and "status obtained date" was June 2, 2005**. Plaintiff's own documents confirm the accuracy of Liberty Ridge's position. No limited liability company existed prior to June 2005; therefore, prior to that date the only existing entity with which Plaintiff could have contracted is American Heritage Communities, Inc., the Maryland Corporation which Plaintiff chose not to sue.

C.   **To the Extent Plaintiff Relies Upon the Jurisdiction Provisions of the Transfer and Partnership Agreements to Establish Venue, its Arguments Fail**

Plaintiff's complaint sets forth causes of action under certain contracts. Plaintiff now admonishes Liberty Ridge for pointing out that Plaintiff's reliance on these contracts as a basis for venue must fail. The fact remains that no agreement to which Plaintiff was a party contains a choice of venue provision.

D.   **New York is Not a Convenient Venue for "Substantially All, if Not All" of the Witnesses**

Plaintiff also argues that "substantially all, if not all" of the witnesses are within 100 miles of this Court,[2] yet only names five such witnesses. These five witnesses

---

[2] In Plaintiff's pre-motion letter, Plaintiff asserted that the only significant witnesses are located in Northern New Jersey. Plaintiff now changes its position to claim that "substantially all" witnesses "are located within 100 miles of this Court." Neither assertion is correct; neither justifies venue in New York.

2

include two *New Jersey* attorneys involved in negotiations that purportedly gave rise to Plaintiff's claims for an additional $200,000 commission. Of course, as set forth in Liberty Ridge's moving memorandum, six other attorneys involved in these negotiations are all located in Virginia.

Two of the other purported New York witnesses, Herb Kaiser and Robert Gibbs, reside not in New York but in *New Jersey*. Their involvement, however, was allegedly as principals of a *Virginia* corporation.[3] While the fifth purported witness, Jacob Frydman, apparently does reside in New York, Frydman possesses no knowledge of the disputed commission agreement allegedly made in July 2006. Thus any testimony he could provide would not be relevant to the claim in this case. Finally, Plaintiff fails to acknowledge the remaining witnesses located in Virginia, all of whom are identified in Liberty Ridge's moving papers. Accordingly, it is simply not true that "substantially all, if not all" of the witnesses are located in New York.

### III.  CONCLUSION

For the reasons set forth above and in Liberty Ridge's moving papers, the Southern District of New York is an improper venue for this case, and this case should be dismissed pursuant to 28 U.S.C. § 1406(a). If, in the alternative, the Court determines that it is "in the interest of justice" to transfer the case or that venue is proper in the Southern District of New York, it should transfer this matter to the Western District of Virginia, Lynchburg division, for the convenience of the parties and non-party witnesses under 28 U.S.C. § 1404(a).

---

[3]  Liberty Heritage Associates, Inc.

       Respectfully submitted,

       BLEAKLEY PLATT & SCHMIDT LLP

By:      /s Matthew G. Parisi _____
       Matthew G. Parisi (MP 2188)
       *Co-Counsel for defendant Liberty Ridge, LLC*
       One North Lexington Ave.
       White Plains, NY 10601
       Telephone: 914.287.6184

       W. Scott Street, III (pending pro hac application)
       A. Peter Brodell (pending pro hac application)
       Samuel T. Towell (pending pro hac application)
       WILLIAMS MULLEN
       A Professional Corporation
       *Co-Counsel for defendant Liberty Ridge, LLC*
       1021 E. Cary St.
       17th Floor
       P. O. Box 1320
       Richmond, Virginia 23218-1320
       Telephone:    804.643.1991