THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GENERAL CAPITAL PARTNERS, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION |
| v. | ) FILE NO. 1:07-CV-4089 (rjs/dfe) |
| | ) |
| LIBERTY RIDGE, LLC (f/k/a AMERICAN | ) |
| HERITAGE COMMUNITY/LIBERTY | ) |
| VILLAGE, LLC) | ) |
| | ) |
| Defendant. | ) |

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Liberty Ridge, LLC ("Liberty Ridge"), by counsel, submits the following as its answer to Plaintiff's Complaint:

1. Liberty Ridge admits that Plaintiff has been paid a $200,000 brokerage fee in connection with the transfer of certain real property now owned by Liberty Ridge (the "Project"). Liberty Ridge denies that it is legally obligated to pay Plaintiff any additional fees regarding the transfer of the Project.

2. Liberty Ridge admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Liberty Ridge admits that it is a Virginia limited liability company but denies all other allegations in paragraph 3 of the Complaint and affirmatively states that its principal place of business is located in Lynchburg, Virginia.

4. Liberty Ridge denies the allegation contained in paragraph 4 of the Plaintiff's Complaint that Liberty Ridge and AHC/LV are the same legal entity, and affirmatively states that Liberty Ridge's management, membership, and control changed

in July 2006 pursuant to Liberty University's acquisition of approximately 85% of the ownership interest in Liberty Ridge. Upon information and belief, the "AHC/LV, LLC" referenced throughout Plaintiff's Complaint is a Delaware limited liability company, whereas the "AHC/LV, LLC" which is the predecessor to Liberty Ridge is a Virginia limited liability company formed on June 2, 2005.

     5.    Paragraph 5 of Plaintiff's Complaint contains mere conclusions of law to which no further response is required of Liberty Ridge.

     6.    Liberty Ridge denies the factual allegations contained in paragraph 6 of Plaintiff's Complaint, and expressly preserves its objection to venue in this judicial district. To the extent that paragraph 6 of Plaintiff's Complaint contains mere legal conclusions, no further response is required of Liberty Ridge.

     7.    Liberty incorporates by reference its answer to paragraphs 1-6 of the Complaint as if fully set forth herein.

     8.    Liberty Ridge admits the allegations contained in paragraph 8 of Plaintiff's Complaint.

     9.    Liberty Ridge admits the allegations contained in paragraph 9 of Plaintiff's Complaint.

     10.    Liberty Ridge denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

     11.    Upon information and belief, Liberty Ridge admits the allegations contained in paragraph 11 of Plaintiff's Complaint.

     12.    Liberty Ridge denies the allegations contained in paragraph 12 of Plaintiff's Complaint and affirmatively states that, upon information and belief, prior to July 15, 2006, the sole member of AHC/LV was Liberty Heritage Associates, Inc., a

Virginia corporation, no part of which is or has ever been owned by Liberty University. Liberty Ridge further states that, on or about July 15, 2006, Liberty University became an 85% member of AHC/LV (now Liberty Ridge), with Liberty Heritage Associates, Inc. becoming a 15% member.

13. Liberty Ridge denies the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Liberty Ridge is without sufficient information to admit or deny the truth of the allegations contained in paragraph 14 of Plaintiff's Complaint; therefore the allegations are denied.

15. Liberty Ridge is without sufficient information to admit or deny the truth of the allegations contained in paragraph 15 of Plaintiff's Complaint; therefore the allegations are denied.

16. Liberty Ridge admits the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Liberty Ridge admits the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Liberty Ridge admits the allegation contained in paragraph 18 of Plaintiff's Complaint that the Project was to be a full service senior retirement community located in Lynchburg, Virginia. Liberty Ridge does not possess sufficient information to admit or deny the additional factual allegations regarding the specific details of the Project because plaintiff has failed to allege a timeframe during which the alleged development plan occurred.

19. In response to the allegations contained in paragraph 19 of Plaintiff's Complaint, Liberty Ridge admits that the Project was intended to service, in part,

individuals who were affiliated with various organizations associated with the Reverend Jerry L. Falwell.

20. Liberty Ridge denies the allegations contained in paragraph 20 of Plaintiff's Complaint except to admit that LVA obtained financing for the Project from Community National Bank, which financing was secured by the Project's property.

21. Liberty Ridge admits the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Liberty Ridge admits the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Liberty Ridge is without sufficient information to admit or deny the truth of the allegations contained in paragraph 23 of Plaintiff's Complaint; therefore the allegations are denied.

24. Liberty Ridge is without sufficient information to admit or deny the truth of the allegations contained in paragraph 24 of Plaintiff's Complaint; therefore the allegations are denied.

25. Liberty Ridge is without sufficient information to admit or deny the truth of the allegations contained in paragraph 25 of Plaintiff's Complaint; therefore the allegations are denied.

26. Liberty Ridge is without sufficient information to admit or deny the truth of the allegations contained in paragraph 26 of Plaintiff's Complaint; therefore the allegations are denied.

27. Liberty Ridge is without sufficient information to admit or deny the truth of the allegations contained in paragraph 27 of Plaintiff's Complaint; therefore the allegations are denied.

28. Liberty Ridge is without sufficient information to admit or deny the truth of the allegations contained in paragraph 28 of Plaintiff's Complaint; therefore the allegations are denied. Liberty Ridge affirmatively states that the terms of the document attached as Exhibit A to Plaintiff's Complaint speak for themselves and denies any characterization of that document contained in paragraph 28 of Plaintiff's Complaint inconsistent with the express terms thereof.

29. Liberty Ridge is without sufficient information to admit or deny the truth of the allegations contained in paragraph 29 of Plaintiff's Complaint; therefore the allegations are denied. Liberty Ridge affirmatively states that the terms of the document attached as Exhibit A to Plaintiff's Complaint speak for themselves and denies any characterization of that document contained in paragraph 29 of Plaintiff's Complaint inconsistent with the express terms thereof.

30. Liberty Ridge is without sufficient information to admit or deny the truth of the allegations contained in paragraph 30 of Plaintiff's Complaint; therefore the allegations are denied except that Liberty Ridge admits that plaintiff met with Reverend Falwell at some point in the spring of 2004.

31. Liberty Ridge is without sufficient information to admit or deny the truth of the allegations contained in paragraph 31 of Plaintiff's Complaint; therefore the allegations are denied.

32. Liberty Ridge is without sufficient information to admit or deny the truth of the allegations contained in paragraph 32 of Plaintiff's Complaint; therefore the allegations are denied.

33. In response to the allegations contained in paragraph 33 of Plaintiff's Complaint, Liberty Ridge admits that plaintiff contacted AHC sometime in 2004 about

the potential sale of the project. Liberty Ridge affirmatively states that the terms of the document attached as Exhibit B to Plaintiff's Complaint speak for themselves and denies any characterization of that document contained in paragraph 33 of Plaintiff's Complaint inconsistent with the express terms thereof.

34.    Liberty Ridge is without sufficient information to admit or deny the truth of the allegations contained in paragraph 34 of Plaintiff's Complaint; therefore the allegations are denied.

35.    Liberty Ridge is without sufficient information to admit or deny the truth of the allegations contained in paragraph 35 of Plaintiff's Complaint; therefore the allegations are denied. Liberty Ridge affirmatively states that the terms of the document attached as Exhibit C to Plaintiff's Complaint speak for themselves and denies any characterization of that document contained in paragraph 35 of Plaintiff's Complaint inconsistent with the express terms thereof.

36.    Liberty Ridge is without sufficient information to admit or deny the truth of the allegations contained in paragraph 36 of Plaintiff's Complaint; therefore the allegations are denied. Liberty Ridge affirmatively states that the terms of the document attached as Exhibit D to Plaintiff's Complaint speak for themselves and denies any characterization of that document contained in paragraph 36 of Plaintiff's Complaint inconsistent with the express terms thereof.

37.    Liberty Ridge is without sufficient information to admit or deny the truth of the allegations contained in paragraph 37 of Plaintiff's Complaint; therefore the allegations are denied. Liberty Ridge affirmatively states that it cannot speak to any actions taken by agents of American Heritage Communities, Inc. ("AHC") on behalf of AHC.

38.     Liberty Ridge is without sufficient information to admit or deny the truth of the allegations contained in paragraph 38 of Plaintiff's Complaint; therefore the allegations are denied.

39.     Liberty Ridge is without sufficient information to admit or deny the truth of the allegations contained in paragraph 39 of Plaintiff's Complaint; therefore the allegations are denied.  Liberty Ridge affirmatively states that AHC is not, and never was, a member of Liberty Ridge and further states that the limited liability company authorized to conduct business in Virginia was not formed until June 2005 after the execution of the referenced document.  Liberty Ridge affirmatively states that the terms of the document attached as Exhibit C to Plaintiff's Complaint speak for themselves and denies any characterization of that document contained in paragraph 39 of Plaintiff's Complaint inconsistent with the express terms thereof.

40.     Liberty Ridge denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

41.     Liberty Ridge denies the allegations contained in paragraph 41 of Plaintiff's Complaint and affirmatively states that no limited liability company authorized to conduct business in Virginia existed as of March 16, 2005 and, therefore, as of that date, no binding agreement could have been created with the Virginia entity named "AHC/LV, LLC."  Liberty further affirmatively states that, upon information and belief, the party to the agreements referenced in paragraph 41 of Plaintiff's Complaint is "American Heritage Communities/Liberty Village, LLC," a Delaware limited liability company which continues to exist in the state of Delaware, and not AHC/LV, which is a Virginia limited liability company that did not exist as of March 16, 2005.  Further,

Liberty Ridge states that the terms of Exhibits E and F speak for themselves and denies any characterization of those documents inconsistent with the express terms thereof.

42.   Liberty Ridge denies the allegations contained in paragraph 42 of Plaintiff's Complaint and affirmatively states that no limited liability company authorized to conduct business in Virginia existed as of March 16, 2005 and, therefore, as of that date, no binding agreement could have been created with "AHC/LV," a non-existent entity.  Liberty further affirmatively states that, upon information and belief, the party to the agreements referenced in paragraph 42 of Plaintiff's Complaint is "American Heritage Communities/Liberty Village, LLC," a Delaware limited liability company which continues to exist in the state of Delaware, and not AHC/LV, which is a Virginia limited liability company that did not exist as of March 16, 2005.  Further, Liberty Ridge states that the terms of Exhibit E speak for themselves and denies any characterization of that document inconsistent with the express terms thereof.

43.   Liberty Ridge denies the allegations contained in paragraph 43 of Plaintiff's Complaint and affirmatively states that no limited liability company authorized to conduct business in Virginia existed as of March 16, 2005 and, therefore, as of that date, no binding agreement could have been created with "AHC/LV," a non-existent entity.  Liberty further affirmatively states that, upon information and belief, the party to the agreements referenced in paragraph 43 of Plaintiff's Complaint is "American Heritage Communities/Liberty Village, LLC," a Delaware limited liability company which continues to exist in the state of Delaware, and not AHC/LV, which is a Virginia limited liability company that did not exist as of March 16, 2005.  Further, Liberty Ridge states that the terms of Exhibit E speak for themselves and denies any characterization of that document inconsistent with the express terms thereof.

44.     In response to the allegations contained in paragraph 44 of Plaintiff's Complaint, Liberty Ridge states that the terms of Exhibit E speak for themselves and denies any characterization of that document inconsistent with the express terms thereof.

45.     In response to the allegations contained in paragraph 45 of Plaintiff's Complaint, Liberty Ridge states that the terms of Exhibit E speak for themselves and denies any characterization of that document inconsistent with the express terms thereof.

46.     In response to the allegations contained in paragraph 46 of Plaintiff's Complaint, Liberty Ridge states that the terms of Exhibit F speak for themselves and denies any characterization of that document inconsistent with the express terms thereof. Further, Liberty Ridge affirmatively states that, as of the date of that document's execution, no limited liability company authorized to conduct business in Virginia existed. Upon information and belief, the company referred to in Plaintiff's Complaint is a Delaware limited liability company.

47.     Liberty Ridge denies the allegations contained in paragraph 47 of Plaintiff's Complaint, except that it admits that AHC/LV did not acquire any interest in LVA held by TRBC Ministries, LLC.

48.     In response to the allegations contained in paragraph 48 of Plaintiff's Complaint, Liberty Ridge states that the terms of Exhibits F to Plaintiff's Complaint speak for themselves and denies any characterization of that document inconsistent with the express terms thereof. Further, Liberty Ridge affirmatively states that, as of the date of that document's execution, no limited liability company authorized to conduct business in Virginia existed. Upon information and belief, the company referred to in Plaintiff's Complaint is a Delaware limited liability company.

49. In response to the allegations contained in paragraph 49 of Plaintiff's Complaint, Liberty Ridge states that the terms of Exhibits F speak for themselves and denies any characterization of that document inconsistent with the express terms thereof. Further, Liberty Ridge affirmatively states that as of the date of that document's execution, no limited liability company authorized to conduct business in Virginia existed. Upon information and belief, the company referred to in Plaintiff's Complaint is a Delaware limited liability company.

50. In response to the allegations contained in paragraph 50 of Plaintiff's Complaint, Liberty Ridge states that the terms of Exhibits F speak for themselves and denies any characterization of that document inconsistent with the express terms thereof. Further, Liberty Ridge affirmatively states that as of the date of that document's execution, no limited liability company authorized to conduct business in Virginia existed. Upon information and belief, the company referred to in Plaintiff's Complaint is a Delaware limited liability company.

51. Liberty Ridge denies the allegations contained in paragraph 51 of Plaintiff's Complaint.

52. Liberty Ridge is without sufficient knowledge to admit or deny the truth of the allegations contained in paragraph 52 of Plaintiff's Complaint and affirmatively states that, upon information and belief, the company referred to in Plaintiff's Complaint is a Delaware limited liability company.

53. In response to the allegations contained in paragraph 53 of Plaintiff's Complaint, Liberty Ridge states that the terms of Exhibit G speak for themselves and denies any characterization of that document inconsistent with the express terms thereof. Further, Liberty Ridge affirmatively states that Exhibit G is executed by Bruce E. Boyer,

Chairman of AHC's Board of Directors, and not by the Virginia limited liability company or any member thereof.

54.     In response to the allegations contained in paragraph 54 of Plaintiff's Complaint, Liberty Ridge states that the terms of Exhibit G speak for themselves and denies any characterization of that document inconsistent with the express terms thereof. Further, Liberty Ridge affirmatively states that Exhibit G is executed by Bruce E. Boyer, Chairman of AHC's Board of Directors, and not by the Virginia limited liability company or any member thereof.

55.     Liberty Ridge admits the allegations contained in paragraph 55 of Plaintiff's Complaint.

56.     In response to the allegations contained in paragraph 56 of Plaintiff's Complaint, Liberty Ridge states that paragraph 56 contains mere legal conclusions for which no further response is required from Liberty Ridge.

57.     In response to the allegations contained in paragraph 57 of Plaintiff's Complaint, Liberty Ridge states that the terms of Exhibit H speak for themselves and denies any characterization of that document inconsistent with the express terms thereof.

58.     In response to the allegations contained in paragraph 58 of Plaintiff's Complaint, Liberty Ridge states that the terms of Exhibit H speak for themselves and denies any characterization of that document inconsistent with the express terms thereof. Further, Liberty Ridge affirmatively states that as of the date of that document's execution, no limited liability company authorized to conduct business in Virginia existed.  Upon information and belief, the company referred to throughout Plaintiff's Complaint is a Delaware limited liability company.

59. In response to the allegations contained in paragraph 59 of Plaintiff's Complaint, Liberty Ridge states that paragraph 59 contains mere legal conclusions for which no further response is required from Liberty Ridge.

60. In response to the allegations contained in paragraph 60 of Plaintiff's Complaint, Liberty Ridge states that the terms of Exhibit I speak for themselves and denies any characterization of that document inconsistent with the express terms thereof.

61. In response to the allegations contained in paragraph 61 of Plaintiff's Complaint, Liberty Ridge states that the terms of Exhibit J speak for themselves and denies any characterization of that document inconsistent with the express terms thereof.

62. In response to the allegations contained in paragraph 62 of Plaintiff's Complaint, Liberty Ridge states that the terms of Exhibit K speak for themselves and denies any characterization of that document inconsistent with the express terms thereof.

63. Liberty Ridge is without sufficient information to admit or deny the allegations contained in paragraph 63 of Plaintiff's Complaint and affirmatively states that any alleged discussions between plaintiff and employees or agents of AHC were conducted by individuals representing American Heritage Communities, Inc. or Liberty Heritage Associates, Inc. on behalf of those companies to the prejudice of the interests of the limited liability company and in contravention of their duties to the Virginia limited liability company and its members.

64. Liberty Ridge is without sufficient information to admit or deny the allegations contained in paragraph 64 of the Plaintiff's Complaint and affirmatively states that any alleged discussions between plaintiff and employees or agents of AHC were conducted by individuals representing American Heritage Communities, Inc. or Liberty Heritage Associates, Inc. on behalf of those companies to the prejudice of the interests of

the limited liability company and in contravention of their duties to the Virginia limited liability company and its members.

65. Liberty Ridge is without sufficient information to admit or deny the allegations contained in paragraph 65 of the Plaintiff's Complaint and affirmatively states that any alleged discussions between plaintiff and employees or agents of AHC were conducted by individuals representing American Heritage Communities, Inc. or Liberty Heritage Associates, Inc. on behalf of those companies to the prejudice of the interests of the limited liability company and in contravention of their duties to the Virginia limited liability company and its members.

66. In response to the allegations contained in paragraph 66 of Plaintiff's Complaint, Liberty Ridge states that the terms of Exhibit L speak for themselves and denies any characterization of that document inconsistent with the express terms thereof.

67. In response to the allegations contained in paragraph 67 of Plaintiff's Complaint, Liberty Ridge states that the terms of Exhibit L speak for themselves and denies any characterization of that document inconsistent with the express terms thereof. Liberty Ridge affirmatively states that, on July 12, 2007, AHC and/or AHC/LV, and Liberty University were negotiating the closing of a transaction to transfer approximately 85% ownership interest in the Virginia limited liability company to Liberty University in exchange for a payment of approximately $2,250,000, which funds were necessary to consummate the transfer of the Project. At no time prior to closing this transaction did AHC or Liberty Heritage Associates, Inc. disclose to Liberty University the alleged structure of Plaintiff's brokerage fee.

68. In response to the allegations contained in paragraph 68 of Plaintiff's Complaint, Liberty Ridge states that the terms of Exhibit L speak for themselves and

denies any characterization of that document inconsistent with the express terms thereof. Liberty Ridge affirmatively states that, on July 12, 2007, AHC and/or AHC/LV, and Liberty University were negotiating the closing of a transaction to transfer approximately 85% ownership interest in the Virginia limited liability company to Liberty University in exchange for a payment of approximately $2,250,000, which funds were necessary to consummate the transfer of the Project.  At no time prior to closing this transaction did AHC or Liberty Heritage Associates, Inc. disclose to Liberty University the alleged structure of Plaintiff's brokerage fee.

69.     In response to the allegations contained in paragraph 69 of Plaintiff's Complaint, Liberty Ridge states that the terms of Exhibit M speak for themselves and denies any characterization of that document inconsistent with the express terms thereof.

70.     Liberty Ridge admits the allegations contained in paragraph 70 of the Plaintiff's Complaint.

71.     In response to the allegations contained in paragraph 71 of Plaintiff's Complaint, Liberty Ridge admits that, on or about July 17, 2006, a $200,000 payment was made to Plaintiff, and further states that the terms of Exhibit N speak for themselves and denies any characterization of that document inconsistent with the express terms thereof.  Liberty Ridge affirmatively states that, at the time this transfer of funds was made, its managing member and 85% owner, Liberty University, was unaware of Plaintiff's claim for payment of an additional $200,000 brokerage fee because AHC, Liberty Heritage Associates, Inc. and/or AHC/LV, through their respective agents and attorneys, failed to disclose this claimed fee to Liberty University prior to the closing.

72.     Liberty Ridge admits the allegations contained in paragraph 72 of the Plaintiff's Complaint.

73. In response to the allegations contained in paragraph 73 of Plaintiff's Complaint, Liberty Ridge admits that it has not paid to Plaintiff the additional $200,000 fee which plaintiff has demanded and denies that it is legally obligated to do so.

74. In response to the allegations contained in paragraph 74 of Plaintiff's Complaint, Liberty Ridge states that the terms of Exhibit O speak for themselves and denies any characterization of that document inconsistent with the express terms thereof.

75. In response to the allegations contained in paragraph 75 of Plaintiff's Complaint, Liberty Ridge states that the terms of Exhibit P speak for themselves and denies any characterization of that document inconsistent with the express terms thereof.

76. In response to the allegations contained in paragraph 76 of Plaintiff's Complaint, Liberty Ridge admits that it has not paid to Plaintiff the additional $200,000 fee which plaintiff has demanded and denies that it is legally obligated to do so.

77. Liberty Ridge hereby incorporates by reference its answers to paragraphs 1-76 of Plaintiff's Complaint as if set forth fully herein.

78. Liberty Ridge is without sufficient information to admit or deny the truth of the allegations contained in paragraph 78 of the Plaintiff's Complaint; therefore the allegations are denied.

79. Liberty Ridge denies the allegations contained in paragraph 79 of Plaintiff's Complaint and affirmatively states that any legal obligations under the referenced documents are obligations of American Heritage Communities, Inc., the AHC-controlled Delaware limited liability company, and/or Liberty Heritage Associates, Inc., and not of Liberty Ridge.

80. Liberty Ridge denies the allegations contained in paragraph 80 of Plaintiff's Complaint and affirmatively states that any legal obligations under the

referenced documents are obligations of American Heritage Communities, Inc., the AHC-controlled Delaware limited liability company, and/or Liberty Heritage Associates, Inc. and not of Liberty Ridge.

81.    Liberty Ridge denies the allegations contained in paragraph 81 of Plaintiff's Complaint and affirmatively states that any legal obligations under the referenced documents are obligations of American Heritage Communities, Inc., the AHC-controlled Delaware limited liability company, and/or Liberty Heritage Associates, Inc. and not of Liberty Ridge.  Liberty Ridge further states that any such alleged discussions between plaintiff and employees or agents of AHC, the AHC-controlled Delaware limited liability company, and/or Liberty Heritage Associates, Inc. were conducted by individuals representing those entities on behalf of those companies to the prejudice of the interests of the Virginia limited liability company and in contravention of their duties to the Virginia limited liability company and its members.

82.    Liberty Ridge denies the allegations contained in paragraph 82 of Plaintiff's Complaint except it admits that the transfer of the Project to Liberty Ridge was eventually completed.

83.    Paragraph 83 of the Plaintiff's Complaint contains mere legal conclusions which require no further answer from Liberty Ridge.  To the extent that paragraph 83 of Plaintiff's Complaint contains any allegations of fact, those allegations are denied.

84.    Paragraph 84 of the Plaintiff's Complaint contains mere legal conclusions which require no further answer from Liberty Ridge.  To the extent that paragraph 84 of Plaintiff's Complaint contains any allegations of fact, those allegations are denied.

85.    Liberty Ridge hereby incorporates by reference its answers to paragraphs 1-84 of Plaintiff's Complaint as if set forth fully herein.

86. Paragraph 86 of the Plaintiff's Complaint contains mere legal conclusions which require no further answer from Liberty Ridge. To the extent that paragraph 86 of Plaintiff's Complaint contains any allegations of fact those allegations are denied. On information and belief, Liberty Ridge admits that Plaintiff tendered an invoice to employees or agents of AHC and/or the Delaware limited liability company on or about July 11, 2006 which invoice is attached to Plaintiff's Complaint as Exhibit L.

87. Paragraph 87 of the Plaintiff's Complaint contains mere legal conclusions which require no further answer from Liberty Ridge. To the extent that paragraph 87 of Plaintiff's Complaint contains any allegations of fact those allegations are denied. On information and belief, Liberty Ridge admits that Plaintiff tendered an invoice to employees or agents of AHC and/or the Delaware limited liability company on or about July 11, 2006 which invoice is attached to Plaintiff's Complaint as Exhibit L.

88. In response to the allegations contained in paragraph 88 of Plaintiff's Complaint, Liberty Ridge admits that, in July 2006, Plaintiff received a payment of $200,000.

89. Paragraph 89 of the Plaintiff's Complaint contains mere legal conclusions which require no further answer from Liberty Ridge. To the extent that paragraph 89 of Plaintiff's Complaint contains any allegations of fact, those allegations are denied.

90. Liberty Ridge hereby incorporates by reference its answers to paragraphs 1-89 of Plaintiff's Complaint as if set forth fully herein.

91. Liberty Ridge denies the allegations contained in paragraph 91 of Plaintiff's Complaint.

92. Liberty Ridge denies the allegations contained in paragraph 92 of the Plaintiff's Complaint.

93. Liberty Ridge denies the allegations contained in paragraph 93 of the Plaintiff's Complaint.

94. Liberty Ridge denies the allegations contained in paragraph 94 of the Plaintiff's Complaint.

95. Liberty Ridge admits that Plaintiff has demanded payment of an additional $200,000 in brokerage fees and that Liberty Ridge has refused to make such payment.

96. Paragraph 96 of Plaintiff's Complaint contains mere legal conclusions that require no further response from Liberty Ridge. To the extent that paragraph 96 of Plaintiff's Complaint contains any factual allegations, those allegations are denied.

97. Liberty Ridge hereby incorporates by reference its answers to paragraphs 1-96 of Plaintiff's Complaint as if set forth fully herein.

98. Liberty Ridge denies the allegations contained in paragraph 98 of Plaintiff's Complaint.

99. Liberty Ridge denies the allegations contained in paragraph 99 of Plaintiff's Complaint.

100. Paragraph 100 of Plaintiff's Complaint contains mere legal conclusions that require no further response from Liberty Ridge. To the extent that paragraph 100 of Plaintiff's Complaint contains any factual allegations, those allegations are denied.

101. Liberty Ridge denies the allegations contained in paragraph 101 of the Plaintiff's Complaint, except to admit that Plaintiff has been paid $200,000 for its services.

102. Paragraph 102 of Plaintiff's Complaint contains mere legal conclusions that require no further response from Liberty Ridge. To the extent that paragraph 102 of Plaintiff's Complaint contains any factual allegations, those allegations are denied.

103.   Paragraph 103 of Plaintiff's Complaint contains mere legal conclusions that require no further response from Liberty Ridge.  To the extent that paragraph 103 of Plaintiff's Complaint contains any factual allegations, those allegations are denied.

## AFFIRMATIVE DEFENSES

### First Defense

104.   Plaintiff is estopped from asserting the claims made herein.

### Second Defense

105.   Plaintiff has waived the claims made herein.

### Third Defense

106.   Plaintiff's claims are barred under the doctrine of unclean hands.

### Fourth Defense

107.   Plaintiff's claims are not yet ripe.

### Fifth Defense

108.   Liberty Ridge reserves the right to raise such additional affirmative defenses as may be discovered during the course of this proceeding.

**WHEREFORE**, Liberty Ridge LLC, by counsel, requests this Court to dismiss Plaintiff's Complaint, deny the relief requested therein, and award to Liberty Ridge such other and further relief as this Court deems appropriate.

LIBERTY RIDGE LLC


By:    s/ Matthew G. Parisi
       Counsel
Matthew G. Parisi (MP 2188)
Bleakley Platt & Schmidt LLP
*Co-Counsel for defendant Liberty Ridge, LLC*
One North Lexington Ave.
White Plains, NY 10601
Telephone: 914.287.6184

W. Scott Street, III (pending pro hac application)
A. Peter Brodell (pending pro hac application)
Samuel T. Towell (pending pro hac application)
WILLIAMS MULLEN
A Professional Corporation
*Co-Counsel for defendant Liberty Ridge, LLC*
1021 E. Cary St.
17th Floor
P. O. Box 1320
Richmond, Virginia 23218-1320
Telephone:    804.643.1991

1517465v3