**MCELROY, DEUTSCH, MULVANEY, & CARPENTER, LLP**
88 Pine Street
24th Floor
New York, New York 1005
Tel: (212) 483-9490

Attorneys for Third-Party Defendant,
Liberty Heritage Associates, Inc.

### UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **GENERAL CAPITAL PARTNERS, LLC,** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | **FILE NO. 07-4089 (RJS/DFE)** |
| | : | |
| **v.** | : | |
| | : | |
| **LIBERTY RIDGE, LLC (f/k/a AMERICAN** | : | **THIRD-PARTY DEFENDANT** |
| **HERITAGE COMMUNITIES/LIBERTY** | : | **LIBERTY HERITAGE** |
| **VILLAGE, LLC),** | : | **ASSOCIATES, INC.'S ANSWER** |
| | : | |
| **Defendant/Third-Party Plaintiff,** | : | |
| | : | **Document Electronically Filed** |
| **v.** | : | |
| | : | |
| **LIBERTY HERITAGE ASSOCIATES, INC.** | : | |
| | : | |
| **Third-Party Defendant.** | : | |
| | : | |

Third-Party Defendant Liberty Heritage Associates, Inc. ("LHA" or "Third-Party Defendant"), for its Answer to the Third-Party Complaint of Third-Party Plaintiff Liberty Ridge, LLC ("Liberty Ridge" or "Third-Party Plaintiff") states as follows:

1.      Third-Party Defendant admits that Plaintiff General Capital Partners, LLC filed suit in the United States District Court for the Southern District of New York against Third-Party

Plaintiff seeking to recover $200,000.00 plus interest and attorneys' fees.  Third-Party Defendant

denies the balance of the allegations set forth in Paragraph 1 of the Third-Party Complaint.

**THE PARTIES**

2.       Third-Party Defendant lacks knowledge and information sufficient to form a belief as

to the truth of the allegations set forth in Paragraph 2 of the Third-Party Complaint and leaves Third-

Party Plaintiff to its proofs thereon.

3.       Third-Party Defendant admits the allegations set forth in Paragraph 3 of the Third-

Party Complaint.

**JURISDICTION AND VENUE**

4.       Third-Party Defendant lacks knowledge and information sufficient to form a belief as

to the truth of the allegations set forth in Paragraph 4 of the Third-Party Complaint and leaves Third-

Party Plaintiff to its proofs thereon.

5.       Third-Party Defendant lacks knowledge and information sufficient to form a belief as

to the truth of the allegations set forth in Paragraph 5 of the Third-Party Complaint and leaves Third-

Party Plaintiff to its proofs thereon.

**FACTUAL BACKGROUND**

6.       Third-Party Defendant lacks knowledge and information sufficient to form a belief as

to the truth of the allegations set forth in Paragraph 6 of the Third-Party Complaint and leaves Third-

Party Plaintiff to its proofs thereon.

7.       Third-Party Defendant lacks knowledge and information sufficient to form a belief as

to the truth of the allegations set forth in Paragraph 7 of the Third-Party Complaint and leaves Third-

Party Plaintiff to its proofs thereon.

8.      Third-Party Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs thereon.

9.      Third-Party Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs thereon.

10.     Third-Party Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs thereon.

11.     Third-Party Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs thereon.

12.     Third-Party Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs thereon.

13.     Third-Party Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs thereon.

14.     Third-Party Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs thereon.

15.    Third-Party Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs thereon.

16.    Third-Party Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs thereon.

17.    Third-Party Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs thereon.

18.    Third-Party Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs thereon.

19.    Insofar as Paragraph 19 merely seeks to paraphrase the terms of the Transfer Agreement attached as Exhibit E to Plaintiff's Complaint, Third-Party Defendant is not required to respond to those allegations.  To the extent that the allegations contained in Paragraph 19 differ from the terms of that Transfer Agreement, the allegations are denied.

20.    Third-Party Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs thereon.

21.    Third-Party Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs thereon.

22.     Third-Party Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 22 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs thereon.  Third-Party Defendant denies the balance of the allegations set forth in Paragraph 22 of the Third-Party Complaint.

23.     Third-Party Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 23 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs thereon.  Third-Party Defendant denies the balance of the allegations set forth in Paragraph 23 of the Third-Party Complaint.

24.     Third-Party Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs thereon.

25.      Third-Party Defendant admits the allegations set forth in Paragraph 25 of the Third-Party Complaint.

26.     Third-Party Defendant admits the allegations set forth in Paragraph 26 of the Third-Party Complaint.

27.     Third-Party Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs thereon.

28.     Third-Party Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs thereon.

29.     Third-Party Defendant denies the allegation that the July 13, 2006, email from John Mercer referenced therein was directed specifically to Lucille Karp, Esq.  Insofar as the balance of

the allegations set forth in Paragraph 29 merely seek to paraphrase and quote language from an email chain dated July 13, 2006, referenced therein, Third-Party Defendant is not required to respond to those allegations. To the extent that the allegations contained in Paragraph 29 differ from the language of the July 13, 2006 email chain, the allegations are denied.

30.    Insofar as Paragraph 30 merely seeks to paraphrase and quote language from an email chain dated July 13, 2006, referenced therein, Third-Party Defendant is not required to respond to those allegations. To the extent that the allegations contained in Paragraph 30 differ from the language of the July 13, 2006 email chain, the allegations are denied.

31.    Insofar as Paragraph 31 merely seeks to paraphrase and quote language from an email chain dated July 13, 2006, referenced therein, Third-Party Defendant is not required to respond to those allegations. To the extent that the allegations contained in Paragraph 31 differ from the language of the July 13, 2006 email chain, the allegations are denied. Third-Party Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegation set forth in the last sentence of Paragraph 31 and leaves Third-Party Plaintiff to its proofs thereon.

32.    Third-Party Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs thereon.

## COUNT I – Breach of Duty

33.    In response to the allegations of paragraph 33 of the Third-Party Complaint, Third-Party Defendant repeats and incorporates by reference its responses set forth in paragraphs 1 through 32 above as if fully set forth herein.

34.    Insofar as Paragraph 34 merely seeks to paraphrase the Operating Agreement of American Heritage Communities/Liberty Village, LLC, referenced therein, Third-Party Defendant is not required to respond to those allegations.  To the extent that the allegations contained in Paragraph 34 differ from the language of that Operating Agreement, the allegations are denied.

35.    Third-Party Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs thereon.

36.    Third-Party Defendant denies the allegations set forth in Paragraph 36 of the Third-Party Complaint.

37.    Third-Party Defendant denies the allegations set forth in Paragraph 37 of the Third-Party Complaint.

## COUNT II – Indemnity

38.    In response to the allegations of paragraph 38 of the Third-Party Complaint, Third-Party Defendant repeats and incorporates by reference its responses set forth in paragraphs 1 through 37 above as if fully set forth herein.

39.    Third-Party Defendant denies the allegations set forth in Paragraph 39 of the Third-Party Complaint.

## COUNT III – Breach of Contract

40.     In response to the allegations of paragraph 40 of the Third-Party Complaint, Third-Party Defendant repeats and incorporates by reference its responses set forth in paragraphs 1 through 39 above as if fully set forth herein.

41.     Third-Party Defendant admits the allegations set forth in Paragraph 41 of the Third-Party Complaint.

42.     Third-Party Defendant admits the allegations set forth in Paragraph 42 of the Third-Party Complaint.

43.     Third-Party Defendant denies the allegations set forth in Paragraph 43 of the Third-Party Complaint.

44.     Third-Party Defendant denies the allegations set forth in Paragraph 44 of the Third-Party Complaint.

45.     Third-Party Defendant denies the allegations set forth in Paragraph 45 of the Third-Party Complaint.

### COUNT IV – Willful Misconduct

46.     In response to the allegations of paragraph 46 of the Third-Party Complaint, Third-Party Defendant repeats and incorporates by reference its responses set forth in paragraphs 1 through 45 above as if fully set forth herein.

47.     Insofar as Paragraph 47 merely seeks to paraphrase the Operating Agreement of American Heritage Communities/Liberty Village, LLC, referenced therein, Third-Party Defendant is not required to respond to those allegations.  To the extent that the allegations contained in Paragraph 47 differ from the language of that Operating Agreement, the allegations are denied.

48.     Third-Party Defendant denies the allegations set forth in Paragraph 48 of the Third-Party Complaint.

49.     Third-Party Defendant denies the allegations set forth in Paragraph 49 of the Third-Party Complaint.

WHEREFORE, Third-Party Defendant prays that Third-Party Plaintiff take nothing by its suit, that Third-Party Defendant recover its costs expended, and that Third-Party Defendant obtain such other and further relief to which it is justly entitled.

## AFFIRMATIVE DEFENSES

Third-Party Defendant Liberty Heritage Associates, Inc. ("LHA" or "Defendant"), for its Affirmative Defenses to each and every cause of action alleged by Third-Party Plaintiff Liberty Ridge, LLC ("Liberty Ridge" or "Third-Party Plaintiff") states as follows:

### FIRST AFFIRMATIVE DEFENSE

Third-Party Plaintiff fails to state a claim against Third-Party Defendant in the Third-Party Complaint upon which relief can be granted and Third-Party Defendant reserves the right to file a motion to dismiss each and every Count of the Third-Party Complaint on such grounds.

### SECOND AFFIRMATIVE DEFENSE

Third-Party Plaintiff's damages, if any, were the result of acts or omissions of persons or forces over which Third-Party Defendant exercised no control, supervision, or other dominion.

### THIRD AFFIRMATIVE DEFENSE

Third-Party Plaintiff's damages, if any, were incurred as the result of the sole negligence of Third-Party Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff is not entitled to recovery attorneys' fees in this action.

### FIFTH AFFIRMATIVE DEFENSE

The Third-Party Complaint is barred by the Doctrines of Waiver, Laches, and/or Estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff's claims are barred because its damages, if any, were caused by its failure to exercise reasonable and ordinary care, caution or vigilance.

## SEVENTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff's claims are barred because Third-Party Defendant neither committed nor failed to commit any action that damaged Third-Party Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff's claims are barred because no proximate causation exists between the actions of Third-Party Defendant and the damages alleged.

## NINTH AFFIRMATIVE DEFENSE

Third-Party Plaintiff's claims are barred by the Statute of Frauds.

## TENTH AFFIRMATIVE DEFENSE

Third-Party Defendant reserves the right to supplement these Affirmative Defenses based upon continuing investigation and discovery.

## PRAYER FOR RELIEF

WHEREFORE, Third-Party Defendant Liberty Heritage Associates, Inc. demands judgment

dismissing the Third-Party Complaint in its entirety and awarding its reasonable attorneys' fees and

costs in defending this action.

Respectfully submitted,


/s/ Brian Carey_____
Brian Carey, Esq.
John P. Leonard (pending pro hac vice application)
Scott S. Flynn (pending admission to SDNY)
McElroy, Deutsch, Mulvaney & Carpenter, LLP
88 Pine Street
24th Floor
New York, New York 1005
Tel: (212) 483-9490
Fax: (212) 483-9129
Email: Bcarey@mdmc-law.com
Email: Jleonard@mdmc-law.com
Email: Sflynn@mdmc-law.com

Attorneys for Third-Party Defendant,
Liberty Heritage Associates, Inc.

DATED: December 5, 2007